**GUERRERO–ZAPATA BRIDGE COMPANY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 16685.

United States Court of Appeals
Fifth Circuit.

Feb. 11, 1958.

---

1. Louisiana Statutes Annotated—Revised Statutes of 1950, 22:655.

Robert Lee Bobbitt, Jr., San Antonio, Tex., Bobbitt, Brite & Bobbitt, San Antonio, Tex., of counsel, for appellant.

Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis, Elizabeth Dudley, Washington, D. C., Attys., Dept. of Justice, Malcolm R. Wilkey, Asst. Atty. Gen., Washington, D. C., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

The question is whether for the taking of its bridge over the Rio Grande River, a toll bridge company is entitled to compensation on the basis of the land and improvements only or to the value of its franchise also. The Act of Congress authorizing the construction and operation of the bridge, approved March 29, 1928, 45 Stat. 387, expressly reserved "the right to alter, amend, or repeal this Act." The Bridge was inundated as the result of construction of a dam pursuant to a treaty of February 3, 1944 between the United States and Mexico, 59 Stat.

1219. In a well reasoned opinion, District Judge Allred has expressed the view that there was an implied repeal of the Act granting the franchise as clear and effective as an express repeal would have been, and that the bridge company was not due compensation for the value of its franchise, United States v. 85,237 Acres of Land, More or Less, in Zapata County, Texas, D.C., 157 F.Supp. 150. After careful consideration, we agree with that opinion.

The judgment is therefore

Affirmed.